## MASONIC AND ODD FELLOWS' HALL CO. v. FLOYD.

PLEADING.—*Semble*, That, where the defendant pleads a written contract, which, on its face, shows that he was bound to perform certain acts before the performance of its stipulations by the plaintiff, the defendant must aver the performance of or an excuse for the failure to perform, the acts to be performed by him.

APPEAL from the *Decatur* Common Pleas.

HANNA, J.—Suit for work and labor, and materials, &c. Answer, denial, payment, and that a special contract existed which had not been complied with by the plaintiff, nor work accepted by defendant; the same facts are set up as a counter claim. A written contract is set forth with these paragraphs; but there is no averment of performance, or offer to perform, upon the part of the defendants. Reply, denial, recision of the contract by mutual agreement; non-compliance by the defendant with the terms of the said written contract; ap-

proval of the materials and work by defendants; failure by them to pay installments, and for that reason a recision by plaintiff of said contract.

Demurrers were filed, and overruled, to these replies.

It is now urged that certain of the replies were bad, and the ruling wrong; on the other hand, it is insisted that the two last paragraphs of the answer were invalid and the demurrer should have reached them.

It is not clear to us but that, in a suit of this character, where the defendant sets up a written contract, which on its face, shows that he was to perform certain acts, before the completion of its stipulations by the plaintiff; said defendant should in such answer aver performance, or an excuse for a failure to perform, upon his part. This is upon the principle that he relies upon the contract as a defence; that is, he bases his defence upon such writing. If the plaintiff sues upon it and bases his right to recover thereon, he has to aver performance, or readiness to perform, upon his part. Why should not the defendant do likewise, where he pleads it to shield himself from a suit? But, however this may be, the reply states directly, in several paragraphs, that, in certain named particulars, the defendant failed to comply with stipulations precedent to the completion of said contract, which were sufficient to let in the evidence upon the points in dispute. As the evidence is not in the record, we are not prepared to say whether it was competent or not.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Oscar B. Hord* and *Cortez Ewing*, for the appellant.

*B. W. Wilson*, for the appellee.